IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **DANE JAMES, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) FILED STAMPED: JULY 16, 2008 |
| | ) 08CV4042 |
| v. | ) JUDGE NORGLE |
| | ) MAG. JUDGE KEYS |
| **SARAH KRUPP, an individual, and** | ) J. N. |
| **TECHNOLOGY CONTROLS GROUP, INC.,** | ) |
| a Tennessee corporation, | ) |
| | ) |
| **Defendants.** | ) |

## *COMPLAINT*

Plaintiff Dane James ("James") by and through his attorneys, Daniel S. Kaplan and Marcia G. Cotler, of Kaplan & Greenswag LLC, for his complaint against Defendants Sarah Krupp ("Krupp") and Technology Controls Group, Inc. ("TCG"), sometimes collectively referred to herein as Defendants, states as follows:

### The Parties

1. James is an individual residing in Deerfield, Illinois.

2. Krupp is an individual residing in Lynchburg, Tennessee.

3. TCG is a corporation incorporated in the State of Tennessee with its principal place of business at 18320 S. Pittsburgh Mtn. Rd., Sewanee, Tennessee.

### Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that Plaintiff James is a citizen of the State of Illinois and Defendants Krupp and TCG are each citizens of the State of Tennessee and the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs.

**Background**

5. On or about March 10, 2008, James received wire transfer information from Krupp with instructions that James wire $150,000 in funds into an escrow account at Metropolitan Escrow, Inc. which was to be further credited to TCG. *A copy of the wire instructions received by James from Krupp is attached hereto as Exhibit A.*

6. The money to be wired from James was based on an understanding by and between Krupp and James that the money deposited in escrow was to be used as James' capital investment in TCG, a company owned by Krupp for which James would receive an interest in the company.

7. On March 21, 2008, James wired the sum of $150,000 in accordance with the escrow instructions provided by Krupp. *A copy of the receipt from Chase Bank, the initiating bank, is attached hereto as Exhibit B.*

8. On or about March 25, 2008, James received a telephone call from Krupp's daughter Krystal confirming receipt of the funds into the escrow account.

9. Despite making multiple written demands to Krupp to obtain a receipt from the bank in which the money was being held in escrow, James did not receive any written documentation to the effect that the $150,000 in funds James had wired were being held in escrow for his benefit.

10. On April 10, 2008, James received an email from Krupp stating that the money was allegedly being held in "escrow" and that the "escrow agent is preparing the document for you." *A copy of the April 10, 2008 email is attached hereto as Exhibit C.*

11. To date, James has not received any documentation confirming that the funds are being held in escrow.

12.     James has made multiple written demands to Krupp for the return of his $150,000 but to date has not received a return of his funds.

13.     On April 28, 2008, James received an email from Krupp in which she states "the money is in escrow and has been since it was ok [sic] from bank which took a couple of days. We have millions in this and want it done right and I have not forgot [sic] and your money will be return [sic] as soon as possible." *A copy of the April 28, 2008 email is attached hereto as Exhibit D.*

14.     Subsequent written and verbal demands by James to Krupp for the return of the $150,000 in funds have been ignored by Krupp.

15.     To date, James has not received either a return of his money or any documentation confirming that the funds are being held in escrow for his benefit.

## COUNT I
## CONVERSION
## (Krupp and TCG)

16.     James incorporates and restates the allegations of paragraphs 1 – 15 above as if stated herein.

17.     Krupp instructed James to wire funds into an alleged escrow account.

18.     James has not received any documentation confirming that the funds were placed in escrow or that they remain held in escrow for James' benefit.

19.     James has demanded a return of the $150,000 but to date has not received any return of the funds.

20.     James is entitled to immediate possession of the $150,000.

21.     Upon information and belief, Krupp has improperly retained the funds for her own use and benefit.

22. Krupp's failure and refusal to refund the money deprives James of his immediate right to possession of the funds.

23. To the extent that $150,000 were in fact credited to TCG's account pursuant to the wire instructions provided by Krupp, TGC has deprived James of his right to immediate possession of the funds.

WHEREFORE, Plaintiff Dane James prays that this Court find in his favor as to Count I and award judgment jointly and severally against Defendants Sarah Krupp and Technology Controls Group, Inc. in the sum of $150,000 plus interest and costs.

## COUNT II
## UNFAIR AND DECEPTIVE ACTS
## PURSUANT TO TENNESSEE CONSUMER PROTECTION ACT OF 1977
### (Krupp)

24. James incorporates and restates the allegations of paragraphs 1 – 23 above as if stated herein.

25. Pursuant to Tennessee Code Section 47-18-104 (12), it is unlawful to "represent that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law."

26. Further, it is unlawful to engage "in any other act or practice which is deceptive to the consumer or to any other person." *Tennessee Code Section 47-18-104 (27)*.

27. Krupp made false representations to James in order to induce him to wire $150,000 into an alleged escrow account at a Tennessee bank for the represented purpose of James making a capital investment in Krupp's company TCG, a Tennessee corporation.

28. In reliance upon the representations by Krupp that the money would be held in escrow and that it would be credited toward James' capital investment in TCG, James wired $150,000 to Citizens Community Bank of Winchester, Tennessee pursuant to the wire instructions provided by Krupp.

29. Upon his wiring the funds as instructed, James did not receive any rights to ownership of TCG as has been promised, nor has James been refunded his funds.

30. Pursuant to Tennessee Code Section 47-18-109, James is entitled to bring an action individually to recover his actual damages.

31. Krupp, in bad faith, deceived and induced James to wire the funds knowing that James would not receive in return the rights of ownership of TCG as promised.

32. Further, despite demand, Krupp has failed and refused to return the funds to James, or otherwise account for the whereabouts of the funds.

33. Pursuant to Tennessee Code Section 47-18-109 (3) James is entitled to recover three times the amount of damages sustained on account of Krupp's knowing and willful violation of Tennessee's Consumer Protection Act.

WHEREFORE, Plaintiff Dane James prays that this Court find Judgment in his favor and against Defendant Sarah Krupp as to Count II and enter an award in the sum of $450,000 representing three times the amount of damages sustained, plus interest, costs and reasonable attorneys' fees.

## COUNT III
## BREACH OF FIDUCIARY DUTY
### (Krupp)

34.　　James incorporates and restates the allegations of paragraphs 1 – 33 above as if stated herein.

35.　　Krupp represented that the funds to be wired by James would be held in escrow for the benefit of James.

36.　　As escrowee, Krupp has a fiduciary duty to act as a trustee of the funds for the benefit of James.

37.　　As escrowee, Krupp is required to act in accordance with the terms of the escrow.

38.　　Krupp breached her fiduciary duty to James by failing to hold the funds in escrow for the benefit of James, failing to provide written confirmation that the funds were being held in escrow and by failing and refusing to return the funds to James upon his demand.  As a result of Krupp's breach of her fiduciary duty to James, James has been damaged in the sum of $150,000.

WHEREFORE, Plaintiff Dane James prays that this Court find in his favor and against Defendant Sarah Krupp as to Count III and award Judgment in the sum of $150,000 plus interest and costs.

DANE JAMES

By:　　s/ Daniel S. Kaplan
　　　　One of his attorneys

Daniel S. Kaplan (ARDC # 6204533)
Marcia G. Cotler (ARDC #  6201178)
KAPLAN & GREENSWAG LLC
181 Waukegan Road, Suite 205
Northfield, Illinois  60093
(847) 501-5300  Tel.
(847) 501-5325  Fax

JUDGE NORGLE
MAG. JUDGE KEYS

**Dane James**

| | | |
|---|---|---|
| From: | Sarah [sarah@ourtcg.com] | J. N. |
| Sent: | Monday, March 10, 2008 9:49 AM | |
| To: | Dane James | |
| Subject: | info | |
| Attachments: | Wire transfer info.doc | |

Dane,

Here is info that you need to transfer money this is what accountants would prefer. Let me know what you need so I can get it to you.

Please let me know when this is being done so we can track it notice it has to go around the world.

Thank you and looking forward to a great future.

Sarah

1

**EXHIBIT A**

Wire transfer info.

Pay to order of:
Citizens Community Bank
Winchester, Tennessee

ABA# ▅▅▅▅▅▅

For credit to:

Metroplitian Escrow, Inc.
    1489 Decherd Estill Road
    1490 Decherd, Tennessee
Escrow Account # ▅▅▅▅▅▅

The Bankers Bank (▅▅▅▅▅▅)    2410 Paces Ferry Atlanta, Ga

For Further Credit to:
Franklin County United Bank (▅▅▅▅▅▅▅)
2030 Decherd Blvd.   Decherd, Tn 37324

For Futher Credit to:
Technology Controls Group, Inc.  (▅▅▅▅)

01642

**JPMorganChase**

JPMorgan Chase Bank, N.A.
Funds Transfer
P.O. Box 260161
Baton Rouge, LA 70826-0161

ORIGINAL
ADVICE OF DEBIT

Date 08/03/21
Our Ref. (TRN) NO. ███████
Please mention our Reference No. (TRN) in any correspondence.
Originator's Date 08/03/21
Related Ref. No. DCD OF 08/03/21

WE DEBIT YOUR ACCOUNT NO ███████
FOR PAYMENT INDICATED    SAME DAY FUNDS

$150,000.00**

08CV4042
JUDGE NORGLE
MAG. JUDGE KEYS
J. N.

DANE  A  JAMES  OR  LORAINE  M JAMES
689 PINE ST
DEERFIELD, IL 600154009

IMAD:0321 B1QGC03C 002858
OMAD:

BENEFICIARY:
TECHNOLOGY CONTOLS GROUP INC

ACCOUNT WITH:
███████
FRANKLIN COUNTY UNITED BANK
105 S FRONT ST
COWAN TN 37318 US
PAID THRU FED TO:
SILVERTON BANK, N.A
ATLANTA GA 30327-2806

_____
Authorized Signature

EXHIBIT
B

08CV4042
JUDGE NORGLE
MAG. JUDGE KEYS
J. N.

**Dane James**

| | |
|---|---|
| **From:** | Sarah Krupp [sarahjk1958@yahoo.com] |
| **Sent:** | Thursday, April 10, 2008 1:55 AM |
| **To:** | Dane James |
| **Subject:** | update |

Dane,
The escrow agent is preparing the document for you and I will follow up on this Friday when I am with her.

The meeting with Jim is no different that before. The same day I met with him he contacted Gerald by email with so many stories before I could get back from meeting. He told Gerald that he needed to meet with him because he(Jim) was going to grow company and he needed his help.

Sorry but I have been feeling rough so my normal schedule got short didn't mean to leave you off. Lets get back on track I am still only on part time schedule.

I have 1200+ emails unread that are not spam so forgive me if I answer the same thing twice.

My load is getting lighter so I can upload more.

As Jim goes he is so out of the real world.

Sarah

---

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

1

**EXHIBIT C**

From: Sarah Kasep [mailto:sarahjk2958@yahoo.com]
Sent: Monday, April 28, 2008 7:48 AM
To: Dane James
Subject: Re: Text I Just Sent

Case 1:08-cv-04042 Document 1-5   Filed 07/16/2008   Page 1 of 1

08CV4042
JUDGE NORGLE
MAG. JUDGE KEYS
J. N.

Dane,
The money is in escrow and has been since it was ok from bank which took a couple of days. We have millions in this and want it done right and I have not forgot and your money will be return as soon as possible.
Please understand that are attorneys handling this I have not had time for them either. This is first time I checked my email in a long time because at the hospital it is hard to do so or my cell phone.
Sarah

EXHIBIT
D